UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SWAZETTE SIMMONDS,

                Plaintiff,

v.                                                                  6:19-CV-1319
                                                                       (DNH/ML)

ROBERTO LONGO, doing business as
Longo Auto Sales & Service LLC,

                Defendant.
_____

APPEARANCES:                                                    OF COUNSEL:

SWAZETTE SIMMONDS
  Plaintiff, *Pro Se*
149 Campbell Avenue
Yorkville, New York 13495

MIROSLAV LOVRIC, United States Magistrate Judge

### ORDER and REPORT-RECOMMENDATION

**I.  INTRODUCTION**

      Swazette Simmonds ("Plaintiff") commenced this *pro se* action on October 28, 2019, asserting claims against Roberto Longo, doing business as Longo Auto Sales & Service LLC ("Defendant").  (Dkt. No. 1.)  Plaintiff did not pay the filing fee for this action and seeks leave to proceed *in forma pauperis* ("IFP").  (Dkt. No. 2.)

## II.  ALLEGATIONS OF THE COMPLAINT

Construed as liberally[1] as possible, Plaintiff's Complaint alleges that Defendant received an insurance check to complete repairs on Plaintiff's vehicle.  (*See generally* Dkt. No. 1.)  Plaintiff alleges that Defendant forged her signature on the check and never made the repairs to her vehicle.  (*Id*.)

Although the Complaint indicates that the action arises under 42 U.S.C. § 1983, it is not clear what civil rights she asserts Defendant violated.  (*Id*.)  The Complaint alleges that Plaintiff has also filed an action in small claims court and that she seeks to recoup the "total amounts of the insurance check along with the money [that she] paid out of pocket for repairs" which approximate $9,000.00 in total.  (*Id*.)

## III.  PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid.  28 U.S.C. § 1914(a).  A court is authorized, however, to grant IFP status if it determines that the plaintiff is unable to pay the required fee.  28 U.S.C. § 1915(a)(1).[2]  Pursuant to 28 U.S.C. § 1915, where a plaintiff seeks leave to proceed IFP, the court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying the required filing fee.  28 U.S.C. § 1915(a)(1).

---

[1]   The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

[2]   The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates.  *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses").  The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria.  *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

The decision of whether to grant an application to proceed IFP rests within the sound discretion of the court. *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983). The court must be satisfied "that the person is unable to pay such fees or give security therefor" prior to granting IFP status. 28 U.S.C. § 1915(a)(1). To make this threshold showing, a plaintiff must demonstrate "that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute." *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (Fed. Cl. 2007) (citing *Adkins v. E.l. DuPont de Nemours & Co.*, 335 U.S. 331, 339 [1948]); *see also Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) ("Section 1915[a] does not require a litigant to demonstrate absolute destitution[.]"); *accord, Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). As the Second Circuit has noted, "no party must be made to choose between abandoning a potential meritorious claim or foregoing the necessities of life." *Potnick*, 701 F.2d at 244 (citing *Adkins*, 335 U.S. at 339).

In support of an IFP application, 28 U.S.C. § 1915 requires that a plaintiff submit an affidavit reflecting her assets. 28 U.S.C. § 1915(a)(1).

Here, Plaintiff's IFP application states that she earns $771.00 per month. (Dkt. No. 2 at ¶ 2.) However, Plaintiff's IFP application also indicates that she received no income from "[b]usiness, profession, or other self-employment." (*Id*. at ¶ 3.) Plaintiff indicated that in the past twelve months she has received income from "[d]isability, or workers compensation" and "[r]ent payments, interest, or dividends," but Plaintiff failed to identify the source of her income, state the amount that she received, and whether she expects to receive that income in the future, as required in question 3 of the IFP application. (*Id.*) As a result, it is unclear to the Court whether the $771.00 per month in income that Plaintiff indicated that she earns is from

3

"[d]isability, or workers compensation" and "[r]ent payments, interest, or dividends," or some other source in addition to the income she earns from those sources. (*Id.*)

In addition, Plaintiff's IFP application was incomplete in the following four respects: (1) Plaintiff failed to provide any answer to question number 5, (2) Plaintiff failed to include the amount for each of the regularly monthly expenses that she identified in question 6, (3) Plaintiff failed to identify the amount that she contributes to support the individuals that she identified in question 7, and (4) Plaintiff failed to identify to whom her debts are owed with respect to question 8. (Dkt. No. 2 at 2.)

In this instance, due to Plaintiff's incomplete IFP application, I am unable to conclude that she possesses insufficient funds to pay the $400.00 filing fee to commence an action without "foregoing the necessities of life." *Potnick*, 701 F.2d at 244 (citing *Adkins*, 335 U.S. 339). Accordingly, I deny Plaintiff's motion to proceed in this case IFP. To the extent that Plaintiff may wish to renew her request to proceed IFP, and given the Court's unanswered questions about her financial situation, any request to proceed without the prepayment of fees must include a fully completed long form *in forma pauperis* application (AO 239).

## IV.  RELEVANT LEGAL STANDARDS

### A.  Legal Standard Governing Initial Review of a Complaint

Ordinarily, the finding that Plaintiff does not qualify for IFP status would end the Court's discussion, and Plaintiff, in light of her *pro se* status, would likely be afforded an opportunity to either prepay the full filing fee, or submit a new, completed, and certified application for IFP. Because, however, as is discussed more completely below, I find that Plaintiff's Complaint fails to state a claim upon which relief may be granted, 28 U.S.C. § 1915 requires that the court

dismiss the action "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid[.]" 28 U.S.C. § 1915(e).

Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of

dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. More specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 [2007]). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### B. Legal Standard Governing Subject Matter Jurisdiction

Subject matter jurisdiction can never be waived or forfeited. *ACCD Global Agric., Inc. v. Perry*, 12-CV-6286, 2013 WL 840706, at *1 (S.D.N.Y. March 1, 2013) (quoting *Dumann Realty,*

*LLC v. Faust,* 09-CV-7651, 2013 WL 30672, at *1 (S.D.N.Y. Jan. 3, 2013)).  Federal courts are mandated to examine their own jurisdiction *sua sponte* at every stage of the litigation.  *ACCD Global Agric., Inc.*, 2013 WL 840706, at *1; *see In re Tronox, Inc.*, 855 F.3d 84, 85 (2d Cir. 2017) (federal courts have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*).

> A federal court exercises limited jurisdiction pursuant to Article III of the Constitution.  It has subject matter jurisdiction over claims in which: (1) there is a 'federal question' in that a colorable claim arises under the 'Constitution, laws or treaties of the United States,' 28 U.S.C. § 1331; and/or if (2) there is complete "diversity of citizenship" between each plaintiff and all defendants and a minimum of $75,000 in controversy, 28 U.S.C. § 1332.

*Gonzalez v. Ocwen Home Loan Servicing*, 74 F. Supp. 3d 504, 511-12 (D. Conn. 2015) (quoting *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir. 2000) (delineating two categories of subject matter jurisdiction) (footnote omitted)), *reconsideration denied*, 14-CV-0053, 2015 WL 2124365 (D. Conn. May 6, 2015).

The existence of a federal question is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  28 U.S.C. § 1331.  A well-pleaded complaint presents a federal question where it "establishes either that federal law creates the case of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law."  *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983).

    **C.**    **Legal Standard Governing Claims Pursuant to 42 U.S.C. § 1983**

"To state a valid claim under § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a

7

right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). Thus, § 1983 does not create any independent substantive right, but rather "provides a civil claim for damages" to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

## V.   ANALYSIS

After carefully reviewing the Complaint, I find that the Complaint fails to allege facts plausibly suggesting that the Court has subject matter jurisdiction.

The Complaint alleges that Plaintiff and Defendant are citizens of New York State. (Dkt. No. 1 at ¶¶ 2-3.) In addition, the amount in controversy is far less than $75,000. (*Id.* at ¶ 6.) As a result, the Complaint does not allege diversity jurisdiction pursuant to 28 U.S.C. § 1332.

With respect to whether the Complaint asserts claims that raise a federal question, Plaintiff's Complaint does not identify any statute pursuant to which she is bringing her claims, except 42 U.S.C. § 1983. (*See generally* Dkt. No. 1.)

To the extent that Plaintiff asserts a claim pursuant to 42 U.S.C. § 1983, those claims fail for two reasons. First, Plaintiff does not allege any facts that suggest Defendant was acting under color of state law. Instead, the Complaint asserts allegations against Defendant acting in a private capacity as an individual who services automobiles. (*Id.*) Second, the Complaint fails to set forth any federal right that was violated. (*Id.*) As set forth above in Part IV.C. of this Order and Report-Recommendation, 42 U.S.C. § 1983 does not create an independent substantive right, but provides for damages to redress the violation of federal rights established elsewhere. As a result, Plaintiff has failed to allege a claim pursuant to 42 U.S.C. § 1983, which would raise a federal question.

To the extent that Plaintiff alleges "insurance fraud" pursuant to common law fraud, that is a New York State law claim and thus, there is still no jurisdiction to adjudicate Plaintiff's claims. *See Premium Mortgage Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009) (describing the elements of fraud under New York Law).

Moreover, to the extent that Plaintiff alleges claims of "insurance fraud" seeking to enforce Article 176 of the New York State Penal Law Statute, those claims should also be dismissed for lack of jurisdiction. *See George v. Progressive Ins. Agency, Inc.*, 18-CV-1138, 2018 WL 4660379, at *2 (N.D.N.Y. Sept. 28, 2018) (Baxter, M.J.), *adopted by* 2019 WL 5307075 (Hurd, J.) (dismissing complaint that asserted a claim pursuant to N.Y. Penal Law § 176.30 because it did not state a claim based on the Constitution, laws, or treaties of the United States).[3]

As a result, I recommend dismissal of Plaintiff's Complaint.[4]

## VI. WHETHER TO PERMIT AMENDMENT

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when

---

[3]   The Court also notes that there is "no private right of action to enforce either state or federal criminal statutes." *George*, 2018 WL 4660379, at *3 (citing *Carvel v. Ross*, 09-CV-0722, 2011 WL 856283, at *11-12) (S.D.N.Y. Feb. 6, 2011).

[4]   The Court also notes that, based on the Complaint's assertion that Plaintiff brought a small claims action in state court, the Court here likely lacks jurisdiction based on the *Rooker-Feldman* doctrine, which recognizes that, except for the Supreme Court, federal courts are not authorized to exercise appellate jurisdiction over state-court judgments. *McKithen v. Brown*, 481 F.3d 89, 96 (2d Cir. 2007). However, the Complaint does not provide sufficient factual details surrounding Plaintiff's small claims proceeding to conduct a thorough analysis pursuant to the *Rooker-Feldman* doctrine.

justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[5]

In this case, because the Court lacks subject matter jurisdiction, the Court must recommend dismissing the action without prejudice. *Hollander v. Garrett*, 710 F. App'x 35, 36 (2d Cir. 2018); *see also Humphrey v. Syracuse Police Dep't*, 758 F. App'x 205, 206-07 (2d Cir. 2019) (holding that where a court dismisses a complaint for lack of subject matter jurisdiction, the court does "not have the power to reach the merits and dismiss the claims against the defendants for failure to state a claim, or to eventually dismiss the complaint with prejudice for failure to file a proposed amended complaint."). This Court has serious doubts about whether Plaintiff can amend to assert any form of federal jurisdiction over the situation that Plaintiff described in her Complaint. However, because the Court must recommend dismissal without prejudice, Plaintiff may be given an opportunity to amend her Complaint. Any amended

---

[5]     *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 [2d Cir. 1999], that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim" is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 [2007]), *rev'd on other grounds*, 682 F. App'x 30.

complaint should be a complete pleading, must supersede the original, and must not incorporate any facts from the original complaint. In addition, any amended complaint must assert a proper basis for jurisdiction in federal court.

The Court must also note that if Plaintiff chooses to file an amended complaint, she should properly complete a new motion to proceed IFP, in which she must include a completed IFP application.

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's IFP application (Dkt. No. 2) is **DENIED without prejudice and with leave to renew**; and it is further

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD**[6] Plaintiff's Complaint (Dkt. No. 1) pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[7] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN**

---

[6] If the Court (a) rejects this recommendation and accepts Plaintiff's Complaint for filing, or (b) adopts this recommendation and Plaintiff wishes to proceed with this action and files an amended complaint, she must either (i) pay the $400.00 filing fee, or (ii) submit a renewed IFP application detailing her current financial condition within thirty (30) days from the date of the filing of Court's Decision and Order. Failure to comply with this directive will result in the issuance of a report and recommendation to the assigned district judge that the action be dismissed.

[7] If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

**DAYS WILL PRECLUDE APPELLATE REVIEW.**  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 [2d Cir. 1989]).

It is hereby respectfully **ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[8]

Dated: March 11, 2020
       Binghamton, New York

_____
Miroslav Lovric
U.S. Magistrate Judge

---

[8] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).